UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAULINE THERESA AUPREY,

     Plaintiff,

v.                                   Case No.:  2:22-cv-741-KCD

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.
_____/

## ORDER

     Pauline Theresa Auprey requests a fee and cost award under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (Doc. 21.)[1] The Commissioner does not object to the relief sought. The Court now grants the motion.

     Earlier in this case, the Court entered an order (Doc. 17) reversing and remanding for further administrative proceedings. Thus, under the EAJA, Plaintiff moves for an award of $8,192.42 in attorney's fees and $402 for the filing fee.

     For Plaintiff to receive a fee and cost award under the EAJA, these five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

dollars when the complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Considering the motion, and with no opposition, the Court finds all conditions have been met.

EAJA fees are determined under the "lodestar" method—the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption of reasonableness. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). After review of the services provided, the Court finds the 34 hours expended by attorneys Carol Avard and Mark Zakhvatayev reasonable. (Doc. 19-1.)

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determining the appropriate hourly rate is a two-step process. The Court first ascertains the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates

customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests an hourly rate of $241.25 for Carol Avard for hours worked in 2022; and $234.95 for Mark Zakhvatayev for hours worked in 2022 and $241.25 for hours worked in 2023. (Doc. 19-1 at 17-18.) After review, these rates appear reasonable.

Plaintiff acknowledges that after awarding EAJA fees, the Commissioner will determine whether Plaintiff owes a federal debt to the Government. (Doc. 19 at 3.) If no debt is owed, the Government will accept Plaintiff's assignment of EAJA fees (Doc. 19-2), and the fees will be paid directly to counsel. Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Plaintiff also seeks $402 in costs for the filing fee. Under 28 U.S.C. § 2412, and as enumerated in 28 U.S.C. § 1920, that cost is taxable, and the Court will award it.

It is **ORDERED**:

Plaintiff's Unopposed Petition for EAJA Fees (Doc. 19) is **GRANTED** and the Court awards Plaintiff $8,192.42 in attorney's fees and $402 in costs. This award will be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

**ORDERED** in Fort Myers, Florida this June 30, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record